1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  DAVID SMITH,                          ) Case No.: 1:13-cv-01770-JLT
                                          )
12            Petitioner,                 ) ORDER TO SHOW CAUSE WHY THE PETITION
                                          ) SHOULD NOT BE DISMISSED FOR VIOLATION
13     v.                                 ) OF THE ONE-YEAR STATUTE OF
                                          ) LIMITATIONS
14  GARY SWARTHOUT,                       )
                                          )
15            Respondent.                 ) ORDER DIRECTING THAT RESPONSE BE
                                          ) FILED WITHIN THIRTY DAYS
16  _____ )

17          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254.

19                          **PROCEDURAL HISTORY**

20          The instant petition was filed on August 28, 2013 in the Sacramento Division of this Court and

21  transferred to the Fresno Division on November 1, 2013.  (Docs. 1 & 5).[1]  A preliminary review of the

22

23  _____

24  [1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed
    filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court
    clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
25  mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might
    be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit
26  has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.
    Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).
27  The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison
    authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly,
28  for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the
    petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing

                                          1

petition, however, reveals that it may be untimely and should therefore be dismissed.

## **DISCUSSION**

A.  <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice required in <u>Herbst</u>.

B.  <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on August 28, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on August 28, 2013.  (Doc. 1, p. 47).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted in the Stanislaus County Superior Court on December 12, 2008 of, inter alia, pimping, assault on a spouse or cohabitant, and making criminal threats.  (Doc. 1, p. 2). Petitioner filed an appeal in the California Court of Appeal, Fifth Appellate District ("5th DCA") which affirmed Petitioner's conviction on March 15, 2010.  Petitioner did not file a petition for review. According to the California Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing of the opinion (Cal. Rules of Court, Rule 8.264(b)(1)), and an appeal must be taken to the California Supreme Court within ten days of finality.  Cal. Rules of Court, Rule 8.500(e)(1).  Thus, Petitioner's conviction became final forty days after the Court of Appeal's decision was filed, on April 24, 2010.  Petitioner would then have one year from the following day, April 25, 2010, or until April 24, 2011, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on August 28, 2013, approximately 28 months after the date the one-year period expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the

intervals between a lower court decision and the filing of a petition in a higher court.  <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003), <u>abrogated on other grounds as recognized by</u> <u>Waldrip v. Hall</u>, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); <u>see</u> <u>Evans v. Chavis</u>,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); <u>see</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); <u>see also</u>, <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  <u>Nino</u>, 183 F.3d at 1006-1007; <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  <u>Id.</u> at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  <u>Duncan v. Walker</u>, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); <u>see also</u>, <u>Fail v. Hubbard</u>, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); <u>Jiminez v. White</u>, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  <u>See</u> <u>Gaston v. Palmer</u>, 447 F.3d 1165, 1166 (9th Cir. 2006).

The petition alleges that Petitioner filed three state habeas petitions: (1) petition filed in the Superior Court of Stanislaus County on an unspecified date, and denied on August 20, 2012;[2]  (2) petition filed in the 5th DCA on August 23, 2012, and denied on January 23, 2013; and (3) petition filed in the California Supreme Court on April 15, 2013, and denied on May 15, 2013.[3]  (Doc. 1, pp. 3-4).

---

[2]  In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

[3]  The Court has accessed the State of California court system's electronic database in order to obtain additional information omitted from the petition.  The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d

As discussed above, the one-year period commenced on April 25, 2010 and expired on April 24, 2011 unless tolled by the filing of a state habeas petition. Here, Petitioner has not indicated when he filed his first state habeas petition in the Superior Court. However, that first petition was denied on August 20, 2012. Unless the first petition was filed *prior to* the expiration of the one-year period on April 24, 2011—which would mean that the first petition was pending in the Superior Court for almost sixteen months—then the one-year period expired before any of the state petitions were filed. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

D. Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130

---

331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

S.Ct. at 2652; <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  <u>Miles</u>, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, it does not appear that, at this preliminary point, Petitioner would be entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

## **CONCLUSION**

The burden of demonstrating that the AEDPA's one-year limitation period was tolled rests with the petitioner.  <u>See, e.g., Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005); <u>Smith v. Duncan</u>, 297 F.3d 809, 814 (9th Cir. 2002); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed above, the Court's preliminary screening of the petition indicates that, based on the current record before the Court, the petition is untimely.

However, mindful of the Ninth Circuit's rule that petitioners be given a chance to respond regarding the timeliness issue, the Court will permit Petitioner thirty days within which to file a response to this Order to Show Cause.  If Petitioner has any additional evidence to present that would establish an entitlement to further tolling, he should do so in his response.  If the information and evidence provided in the response fail to establish Petitioner's entitlement to tolling sufficient to account for the 28 month delay, the Court will have no choice but to recommend dismissal of the petition.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1.     Petitioner is ORDERED TO SHOW CAUSE within 30 days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

**Petitioner is forewarned that his failure to comply with this order may result in a**

**<u>Recommendation that the Petition be dismissed pursuant to Local Rule 110.</u>**

IT IS SO ORDERED.

Dated:   <u>**November 14, 2013**</u>          <u>**/s/ Jennifer L. Thurston**</u>
                                              UNITED STATES MAGISTRATE JUDGE