UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | Case No.: 1:13-cv-01770-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 23)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN 21 DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on August 28, 2013.[1] After a preliminary review of the petition suggested that it may be untimely, the Court, on November 14, 2013, issued an order to show cause why the petition should not be dismissed as untimely. (Doc. 8). On December 16, 2013, Petitioner

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on August 28, 2013. (Doc. 1, p. 10).

1

filed a response providing additional information and factual allegations that might have had the effect of making the petition timely. (Doc. 11). On February 21, 2014, based on Petitioner's response, the Court ordered Respondent to file a response to the petition. (Doc. 13). On May 9, 2014, Respondent filed the instant motion to dismiss, contending that the petition is indeed untimely. (Doc. 23). On June 18, 2014, Petitioner filed his opposition to the motion to dismiss. (Doc. 26).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus

filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on August 28, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, following Petitioner's conviction and direct appeal, the California Court of Appeal, Fifth Appellate District ("5th DCA") affirmed Petitioner's conviction on March 15, 2010. (Doc. 1, p. 26; Doc. 23, Ex. A). The parties agree that Petitioner did not file a petition for review in the California Supreme Court.

According to the California Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten days of finality. Cal. Rules of Court, Rule

8.500(e)(1). Thus, Petitioner's conviction would become final forty days after the Court of Appeal's decision was filed, or on April 24, 2010. Petitioner would then have one year from the following day, April 25, 2010, or until April 24, 2011, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on August 28, 2013, more than two years and four months after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the

limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the record before the Court establishes that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Stanislaus County on August 31, 2010, and denied on August 20, 2012 (Doc. 23, p. 17);[2] and (2) petition filed in the California Supreme Court on April 15, 2013, and denied on May 16, 2013 (Doc. 23, p. 37). Petitioner also filed a notice of appeal in the 5th DCA on August 28, 2012, apparently challenging the Superior Court's denial of his first petition. (Doc. 23, p. 33).

Applying the principles of statutory tolling to the aforementioned chronology, the one-year period commenced on April 25, 2010 and continued to run until Petitioner filed his first state habeas petition on August 31, 2010.  At that point, of Petitioner's one-year AEDPA period, 128 days had expired leaving 237 days remaining.  The first state habeas petition was denied on August 20, 2012. Hence, the one-year period re-commenced the following day, i.e., August 21, 2012, and continued to run, unabated, until it expired 237 days later on April 15, 2013.[3]  Coincidentally, that is the date Petitioner filed his second state habeas petition in the California Supreme Court.  However, where the limitation period has expired prior to the filing of a state petition, that petition has no statutory tolling effect.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir.

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

[3] It is unclear how Respondent concluded that the tolling resulting from the first state petition "extended the expiration period to April 26, 2013."  (Doc. 23, p. 7).  Clearly, adding the 721 days of statutory tolling for the first petition to the remaining 239 days on the one-year period, for a total of 960 days, would, if run from the filing of the first state petition on August 31, 2010, result in an expiration date of April 17, 2013, not April 26, 2013, as Respondent argues. However, even assuming, arguendo, that the one-year period was set to expire on April 17, 2013, instead of April 15, 2013, and recognizing that, in that circumstance, Petitioner's filing of his second state habeas would have tolled the period with the April 15, 2013 filing of his second petition with two days remaining on the limitation period, the one-year period would have re-commenced on May 16, 2013 and expired two days later, on May 18, 2013.  Under either theory, therefore, the petition is untimely.

2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely and must be dismissed.

   Equitable Tolling.

   The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

   Here, Petitioner argues that he is entitled to equitable tolling during the pendency of the ill-fated August 23, 2012 notice of appeal filed in the 5th DCA.  Petitioner contends that because he filed a request for an extension of time to respond to the 5th DCA's letter expressing concern that the appeal was not from an appealable order, and because the 5th DCA granted Petitioner's request for an extension of time while considering Petitioner's arguments until finally dismissing the appeal on January 23, 2013, he is entitled to equitable tolling for that entire period since he "relied" on the court's order extending the filing deadline beyond the AEDPA limitation period and "assumed that complying

with the courts [sic] directive and with the extended deadline his writ of habeas corpus would be timely." (Doc. 26, p. 24).

Several reasons militate against Petitioner's legal position. First, the AEDPA expressly provides that <u>only</u> a "properly filed" state habeas petition is entitled to *statutory* tolling. Thus, to be "properly filed," the application must be delivered and accepted by an appropriate court officer. <u>Artuz v. Bennett</u>, 531 U.S. 7, 8 (2000). Moreover, a "state post-conviction petition which has been denied for failing to comply with 'a condition to filing, as opposed to a condition to obtaining relief,' is not 'properly filed' application under 28 U.S.C. 2244(d)(2)." (<u>Id</u>.).

Here, the 5th DCA appears to have dismissed Petitioner's notice of appeal because, under California law, a notice of appeal cannot be taken from a Superior Court's order denying a habeas corpus petition. Rather, the inmate must file an independent habeas corpus petition in the appellate court. Thus, the purported appeal was dismissed because the 5th DCA had no authority to entertain an appeal from a non-appealable order. Put another way, the notice of appeal was not a state habeas petition and, since § 2244(d) refers to habeas petitions, not notices of appeal, Petitioner's notice of appeal could not trigger the statutory tolling of the AEDPA.

Petitioner, however, is contending that these circumstances entitle him to *equitable* tolling. As mentioned, equitable tolling is merited when extraordinary circumstances beyond a petitioner's control make it impossible for the petitioner to timely file his federal petition. Here, the filing of an inappropriate notice of appeal instead of a state habeas petition is not an extraordinary circumstance beyond Petitioner's control. It was, in fact, at Petitioner's behest and for his benefit, that his counsel filed the notice of appeal.

Petitioner appears to rely on an estoppel theory, i.e., that his reasonable reliance on the orders emanating from the 5th DCA regarding his notice of appeal should now entitle him to equitable tolling. What Petitioner's argument fails to grasp, however, is that there was never any possibility of his notice of appeal going forward in the 5th DCA since it was premised upon a non-appealable order, i.e., the denial by the Superior Court of his first habeas petition. The 5th DCA, as it suggested in its original query letter, believed it had no appellate jurisdiction and was simply allowing Petitioner to provide any previously unasserted bases for such jurisdiction. After mistakenly filing the notice of appeal

1  rather than a habeas petition, Petitioner now believes that his own legal errors entitle him to equitable
2  relief.  Nothing, however, in the federal jurisprudence regarding equitable tolling suggests that a
3  petitioner can create the circumstances for equitable tolling from his own errors in state court.

4  Although Petitioner does not clearly articulate his position, it would appear that a more tenable
5  argument would be that equitable tolling is warranted because Petitioner's attorney incorrectly filed a
6  notice of appeal, rather than a habeas petition, in the 5th DCA. In so doing, the attorney not only failed
7  to invoke statutory tolling for the pendency of the appeal but also deprived Petitioner of any "interval"
8  tolling between the denial of the first petition and the filing of his notice of appeal and between the
9  dismissal of the appeal and the filing of his second habeas petition.  However, that argument, too, must
10 fail.

11 Attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for
12 applying equitable tolling to the 2244(d)(1) limitation period.  Holland v. Florida, 130 S.Ct. 2549, 2010
13 WL 2346549 at *13-14 (June 14, 2010); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010);
14 Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.
15 2001).  Only attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct
16 standard can be a basis for applying equitable tolling.  Spitsyn, 345 F.3d at 801.  In Spitsyn, the
17 attorney was retained a full year in advance of the deadline, but completely failed to prepare or file a
18 petition even though the attorney was repeatedly contacted by both the client and the client's mother,
19 and a grievance was filed with the state bar association complaining about the lack of response.  Also,
20 despite a letter terminating the representation and requesting the file, the file was not turned over until
21 two months after the expiration of the filing deadline.  The conduct was held to be sufficiently
22 egregious to warrant equitable tolling.  Id. at 798, 801.  It was still necessary, however, that the
23 petitioner act with reasonable diligence.  Id. at 802.

24 Here, other than the confusion his attorney evidenced by filing a notice of appeal rather than an
25 independent habeas petition, Petitioner cites no other neglect, incompetence, or misconduct on the part
26 of his counsel.  While it is unfortunate that Petitioner's counsel chose to file a notice of appeal rather
27 than a new and independent state habeas petition in the 5th DCA, such attorney negligence is simple
28 negligence, and certainly does not rise to the extraordinary type of gross and egregious negligence

referred to in <u>Spitsyn</u> as justifying equitable tolling.

Moreover, Petitioner did not act with diligence. Equitable tolling applied only where prisoner has <u>diligently pursued</u> his claims, but has, in some "extraordinary way," been prevented from asserting his rights. Thus, the court must consider Petitioner's diligence in pursuing his claims. After the 5th DCA dismissed his notice of appeal on January 23, 2013, Petitioner waited almost three months before filing his second habeas petition in the state Supreme Court, a period well beyond the sixty-day period normally accepted as reasonable between state habeas filings. <u>See., e.g.</u>, <u>Stancle v. Clay</u>, ___F.3d___, 2012 WL 3667315 *7 (9th Cir. 2012)(82 day delay unreasonable); <u>Velasquez v. Kirkland</u>, 629 F.3d 964, 968 (9th Cir. 2012)(delays of 81 and 91 days unreasonable); <u>Chaffer v. Prosper</u>, 592 F.3d 1046, 1048 (9th Cir. 2010)(delays of 115 and 101 days unreasonable); <u>Banjo v. Ayers</u>, 614 F.3d 964, 970 (9th Cir. 2010)(delay of 146 days unreasonable); <u>Bennett v. Felker</u>, 635 F. Supp. 2d 1122, 1126-1127 (C.D. Cal. 2009)(93 days unreasonable); <u>Culver v. Director of Corrections</u>, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); <u>Forrister v. Woodford</u>, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); <u>Hunt v. Felker</u>, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); <u>Swain v. Small</u>, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); <u>Livermore v. Watson</u>, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; <u>Bridges v. Runnels</u>, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable). A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 151 (1984).

## CONCLUSION

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner. <u>See, e.g.</u>, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005); <u>Smith v. Duncan</u>, 297 F.3d 809, 814 (9th Cir. 2002); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the tolling issue. Accordingly, the petition is late and should therefore be dismissed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED

and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten court days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 7, 2014**          /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE