UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SMITH, | ) Case No.: 1:13-cv-01770-LJO-JLT |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION |
| v. | ) FOR PRODUCTION OF DOCUMENTS (Doc. 4) |
| GARY SWARTHOUT, | ) |
| Respondent. | ) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on August 28, 2013, in the Sacramento Division of this Court. (Doc. 1). On October 4, 2013, Petitioner filed the instant motion for production of documents, seeking production of documents relating to the pre-trial plea negotiations between the prosecution and the defense. (Doc. 4). On November 11, 2013, the case was transferred to the Fresno Division of the Court. (Doc. 5).

On May 9, 2014, Respondent filed a motion to dismiss the petition as untimely. (Doc. 23). On July 7, 2014, the Court issued Findings and Recommendations to grant the motion to dismiss. (Doc. 27). On July 25, 2014, Petitioner filed his objections. (Doc. 28).

**DISCUSSION**

The writ of habeas corpus is not a "proceeding in the original criminal prosecution but an

independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See*, *e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). A habeas proceeding does not proceed to "trial" and, unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969).

Instead, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)). Indeed, the United States Supreme Court recently reaffirmed that, under AEDPA review, "evidence introduced in federal court has *no bearing* on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) on the record that was before that state court." Cullen v. Pinholster, ___U.S. ___, 131 S.Ct. 1388, 1400 (2011)(emphasis supplied); see 28 U.S.C. § 2254(d)(1)(setting forth the applicable standard for federal habeas review as whether the state court adjudication was "contrary to" or an "unreasonable application" of "clearly established federal law").

As a result, a habeas petitioner does **not** have the right to inquire into all matters which are relevant to the subject matter involved in the pending action, whether admissible at trial or not. Harris, 394 U.S. at 297. "Such a broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding." Id. Elaborate discovery procedures would cause substantial delay to prisoners and place a heavy burden upon courts, prison officials, prosecutors, and police. Id.

Although discovery is available pursuant to Rule 6, it is *only* granted at the Court's discretion, *and upon a showing of good cause*. Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions. Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at295, 89 S.Ct. at 1089).

Here, Petitioner has failed to show good cause for the production of documents related to the

pre-trial plea negotiations.  As indicated previously, the Court has concluded that the petition is untimely and, hence, under the AEDPA, the Court must dismiss the petition and cannot proceed to a determination of the petition's merits.  Accordingly, any claims that Petitioner's trial counsel failed to correctly and accurately relate to Petitioner the terms of the pre-trial plea agreement are moot at this juncture.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS that Petitioner's motion for production of documents (Doc. 4), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 28, 2014**               /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE